1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Douglas M. Boldt,                )    No. CIV 06-1966-PCT-EHC (DKD)
                                       )
10              Petitioner,            )    **REPORT AND RECOMMENDATION**
                                       )
11   vs.                               )
                                       )
12   Dora Schriro, et al.,             )
                                       )
13              Respondents.           )
                                       )
14   _____)

15   TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

16           Douglas Boldt has filed an amended petition for writ of habeas corpus, challenging

17   his conviction in Yavapai County Superior Court for felony murder, and the imposition of

18   a life sentence.  He argues eight grounds for habeas relief:  (1) the plea agreement is

19   procedurally defective; (2) his conviction was obtained by a guilty plea that was unlawfully

20   induced; (3) the guilty plea was involuntary; (4) his conviction was obtained by use of a

21   coerced confession; (5) there was insufficient evidence to support the conviction for the

22   offenses charged; (6) the conviction was obtained by a violation of the privilege against

23   self-incrimination; (7) the charge was not dismissed as promised; and (8) trial counsel

24   provided  ineffective assistance.  Respondents argue that Boldt's grounds are all

25   unexhausted and procedurally defaulted because none of the claims were fairly presented

26   either to the trial court or the court of appeals.  For the reasons stated below, the Court

27   recommends that Boldt's petition be denied and dismissed with prejudice.

28

**BACKGROUND**

On May 30, 2001, Boldt was indicted on one count of child abuse and one count of felony murder as a result of the death of his infant daughter (Doc. # 28, Exh. A).  On June 28, 2001, the State filed notice of its intention to seek the death penalty (*Id.*, Exh. B).  On February 6, 2002, Bolt entered into a plea agreement (*Id.*, Exh. C).  In exchange for Boldt's guilty plea to felony murder, the State agreed not to seek the death penalty and also agreed to dismiss the charge of child abuse (*Id.*).  Because the death penalty was no longer an option, Boldt could receive one of two possible sentences:  (1) natural life imprisonment; or (2) life imprisonment with the possibility of parole after 25 years (*Id.*, Exh. C & D at 6).  On April 1, 2002, the trial court sentenced Boldt to imprisonment for the remainder of his natural life (*Id.*, Exh. I at 5-6).  The court also dismissed the charge of child abuse as required by the plea agreement (*Id.*, Exh. 6).

On June 17, 2002, Boldt filed a notice of post-conviction relief ("PCR") (Doc. #28, Exh. K).  On March 28, 2002, counsel filed notice of completion of PCR review, indicating he could not find any colorable issues to raise (*Id.*, Exh. L).  On July 10, 2003, Boldt filed a pro se PCR petition (*Id.*, Exh. M).  In his pro per petition, he raised the following claims: (1) ineffective assistance of counsel;[1] (2) involuntary plea agreement; (3) insufficient

---

[1]Boldt claimed counsel was ineffective as follows:  (1) failing to interview the coroner; (2) withholding exculpatory information from the coroner that Boldt's deceased daughter had been accidentally dropped; (3) providing false information to the coroner and others to pressure Boldt into pleading guilty; (4) coaching Boldt to give the trial court a false factual basis for his plea; (5) failing to investigate and inform the court that Boldt was on medication during the change of plea hearing and other court proceedings; (6) failing to perform any reasonable investigation; (7) failing to call an expert witness; (8) poorly presenting a defense theory as a hypothetical possibility; (9) failing to object to leading questions and closing remarks; (10) failing to prepare for trial; ( 11) failing to file a Rule 20 motion; (12) failing to seek a discovery hearing; (13) failing to mitigate Boldt's mental state; (14) failing to discuss the presentence report with Boldt; (15) failing to seek an evidentiary hearing; (16) abandoning his role as a defense attorney and acting as a prosecutor; (17) not being loyal to Boldt and acting dishonestly; (18) not providing Boldt with transcripts of witness statements and forcing Boldt to enter a plea he did not want; and (19) failing to notify

1   factual basis; (4) unconstitutional use of perjured testimony; (5) vindictive prosecutor; (6)

2   inconsistent plea agreement; (7) infringement of the right against self-incrimination; and

3   (8) newly discovered evidence.  The trial court denied the petition on November 3, 2003

4   (*Id.*, Exh. N).  The trial court subsequently denied both of his motions for reconsideration,

5   the last one on January 16, 2004 (*Id.*, Exh. O & P).  On February 18, 2004, Boldt filed a

6   petition for review in the Arizona Court of Appeals (*Id.*, Exh. Q).  On June 2, 2005, the

7   court of appeals denied review (*Id.*, Exh. R).  On July 7, 2005, Boldt filed a motion to

8   "dismiss further appellate review" (*Id.*, Exh. S).  On July 18, 2005, the Arizona Court of

9   Appeals accepted the motion as "notice of [petitioner's] intention not to seek further

10  review" (*Id.*, Exh. T).

11         On July 19, 2004, Boldt filed a notice of PCR and second PCR petition (*Id.*, Exh. U,

12  V).  The State argued in its response that all the claims were precluded (Doc. #32,

13  Attachment D).  The trial court denied the petition on November 2, 2004 (*Id.*, Exh. W).

14  Boldt attempted to file a petition for review in the court of appeals (*Id.*, Exh. X).  The court

15  of appeals denied his petition as untimely on December 30, 2004 (*Id.*).  Boldt filed a motion

16  in the trial court requesting that he be allowed to file a delayed petition for review (*Id.*, Exh.

17  Y).  The trial court denied the motion (*Id.*, Exh. Z).  He renewed his motion to file a delayed

18  petition for review (*Id.*, Exh. AA).  The trial court denied that motion (*Id.*, Exh. BB).

19         On July 11, 2005, Boldt filed a third PCR notice; he filed his third PCR petition on

20  August 5, 2005 (*Id.*, Exh. CC, DD).  On November 4, 2005, the trial court dismissed the

21  petition, finding that all the claims in the petition were precluded under the Arizona Rules

22  of Criminal Procedure (*Id.*, Exh. EE).  On November 27, 2005, Boldt filed a petition for

23  review in the court of appeals (*Id.*, Exh. FF).  On April 26, 2006, Boldt moved to dismiss

24  his petition for review (*Id.*, Exh. GG).  The court initially denied the motion, but granted

25  it on April 26, 2006, after Boldt's renewed motion (*Id.* at Exh. HH & II).  On May 23, 2006,

26

27  the court of a technical discrepancy in the indictment (*Id.*, Exh. M at 19-20).

28                                              - 3 -

1    the court denied Boldt's motion to reconsider the dismissal of his petition (*Id.*, Exh. JJ,
2    KK).

3        On April 11, 2006, Boldt attempted to file a petition for review in the Arizona
4    Supreme Court (*Id.*, Exh. LL).  The petition contained the court of appeals' numbers for his
5    first and third PCR proceedings (1 CA-CR 04-0111 and 1 CA-CR 05-1234) (*Id.*).  The
6    petition also contained documents relating to his second PCR proceeding (1 CA-CR 04-
7    1026) (*Id.*).  The court of appeals found that 1 CA-CR 04-0111 and 1 CA-CR 05-1234 had
8    been "dismissed by [P]etitioner's own motion and …there exists no adverse decision in
9    either case from which [P]etitioner may now file a petition for review by the Arizona
10    Supreme Court" (*Id.* at 2).  The court also ruled that "the time within which [P]etitioner
11    could have filed a petition for review with the Arizona Supreme Court in [1 CA-CR 1026]
12    expired on February 3, 2005, with no petition for review having been filed."  Accordingly,
13    on May 11, 2006, the Arizona Court of Appeals struck the petition for review (*Id.*).

14        On June 13, 2006, Boldt filed a petition for writ of habeas corpus in the state trial
15    court (*Id.*, Exh. MM).  On June 22, 2006, he filed a motion for evidentiary hearing (*Id.*,
16    Exh. NN).  On June 28, 2006, the trial court construed the petition for writ of habeas corpus
17    as a PCR petition (*Id.*, Exh. OO).  On August 2, 2006, the trial court denied the petition
18    because the issues presented in the petition were precluded under the Arizona Rules of
19    Criminal Procedure (*Id.*, Exh. PP).

20                        **EXHAUSTION OF REMEDIES**

21        A state prisoner must exhaust his state remedies before petitioning for a writ of
22    habeas corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S.
23    364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991).  To properly
24    exhaust state remedies, a petitioner must fairly present his claims to the state's highest court
25    in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846
26    (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of
27    Appeals by properly pursuing them through the state's direct appeal process or through

28                                  - 4 -

1   appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999);

2   *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if

3   the petitioner has described both the operative facts and the federal legal theory on which

4   the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th

5   Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir.

6   2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion

7   requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*,

8   33 F.3d at 38.

9       If a petition contains claims that were never fairly presented in state court, the

10  federal court must determine whether state remedies remain available to the petitioner. *See*

11  *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989)

12  (O'Connor, J., concurring). If remedies are available in state court, then the federal court

13  may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*

14  However, if the court finds that the petitioner would have no state remedy were he to return

15  to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*,

16  489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The

17  federal court may decline to consider these claims unless the petitioner can demonstrate that

18  a miscarriage of justice would result, or establish cause for his noncompliance and actual

19  prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.

20  722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,

21  433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

22      Further, a procedural default may occur when a Petitioner raises a claim in state

23  court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*,

24  501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court

25  opinion contains a plain statement clearly and expressly relying on a procedural ground

26  "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the

27  court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is

28

- 5 -

1    "independent" unless application of the bar depends on an antecedent ruling on the merits

2    of the federal claim.  *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*,

3    536 U.S. 856 (2002).  A state's application of the bar is "adequate" if it is "'strictly or

4    regularly followed.'"  *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn*

5    *v. Lovorn*, 457 U.S. 255, 262-63 (1982)).  In cases in which a state prisoner has defaulted

6    his federal claims in state court pursuant to an independent and adequate state procedural

7    rule, just as in cases involving defaulted claims that were not fairly presented, federal

8    habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of

9    justice or cause and actual prejudice to excuse the default.  *See Coleman*, 501 U.S. at 750-

10   51.

11                                          **DISCUSSION**

12          In his first ground, Bolt argues that his plea agreement was procedurally defective

13   because the State did not dismiss the child abuse charge as promised in the plea agreement.

14   Boldt admits in his amended petition that this issue was not raised until his second post-

15   conviction petition.  This was not raised as a separate issue in his first post-conviction

16   petition, *see* Doc. #23 at 6, but only as part of an ineffective assistance of counsel claim and

17   his claim that the State used perjured testimony to obtain a conviction.  Therefore, as a

18   separate claim, it has not been fully exhausted, and when he raised it in his second petition,

19   the trial court found it precluded.  Therefore, it is procedurally defaulted.  *Coleman v.*

20   *Thompson*, 501 U.S. at 730-31.  Boldt has not shown any cause or prejudice to excuse the

21   default.  *Id*. at 750-51.

22          In his second ground, he maintains that his conviction was obtained by a plea of

23   guilty that was unlawfully induced in violation of the Fourteenth Amendment.  He argues

24   that both trial counsel and the State lied to him and used this "false" information to coerce

25   him into pleading guilty.  In his initial post-conviction proceedings, he did not raise this as

26   a separate claim, but as part of an ineffective assistance claim.  *See* Doc. #28, Exh. M at 19.

27   He also asserted this as part of his claim raised in his fourth ground for habeas relief that

28                                               - 6 -

the State used perjured testimony to obtain his conviction.  It has therefore not been fully exhausted as a *separate and distinct* claim from either the ineffective assistance claim or the use of perjured testimony claim.  A petitioner does not fairly present a constitutional claim to the state courts when he merely discusses it as an issue that was handled ineffectively by his counsel.  *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005). Although the underlying constitutional claim and the ineffective assistance claim may be related, "they are distinct claims with separate elements of proof, and each claim should [be] separately and specifically presented to the state courts."  *Id*.  In addition, although his Fourteenth Amendment claim appears to be a "cut and paste" of both his ineffective assistance claim and his claim that the State used perjured testimony, "mere similarity of claims is insufficient to exhaust."  *Id.*, *quoting Duncan v. Henry*, 513 U.S. 364, 366 (1995). "Petitioners must plead their claims with *considerable specificity* before the state courts in order to satisfy the exhaustion requirement."  *Id*. (emphasis added).  The Court finds that Boldt failed to plead his claim in state court with sufficient particularity to alert the state court to the particular constitutional claim he was raising.  Because it is too late to return to state court, the claim is procedurally defaulted.  *Coleman*, 501 U.S. at 730-31.  He has shown no cause or prejudice to excuse the default.  *Id.* at 750-51.

In his third ground, Boldt argues that his guilty plea was involuntary because counsel did not inform him that the child abuse charge was a predicate offense for the felony murder charge.  In his first post-conviction proceeding, he made the same argument but did not raise it as a constitutional claim.  The case cited by Boldt referred to Rule 11 of the Federal Rules of Criminal Procedure, not any provision of the United States Constitution.  This is not a fair presentation of the claim.  *Tamalini*.  In his fourth ground, Boldt asserts that his conviction was obtained by use of a coerced confession.  He argues that trial counsel lied to him and told him to lie to the trial court in order to establish a factual basis for the plea. He argued similarly in his first post-conviction petition, but did not cite any constitutional authority.  The federal cases cited by Boldt do not support a claim that a constitutional

- 7 -

1    violation occurs when a defendant provides the allegedly perjured testimony.  As a result,

2    Boldt did not fairly present these claims to the trial court, and they are unexhausted.  *Id*.

3         In his fifth ground, he argues that there was an insufficient factual basis for his plea.

4    He made the same claim in state court, but did not allege any constitutional violation, citing

5    only cases analyzing Rule 11 of the Federal Rules of Criminal Procedure (Doc. #28, Exh.

6    M at 22).  In his sixth ground, he argues that his right against self-incrimination was

7    violated when trial counsel advised him to lie about the factual basis.  Again, he made the

8    same argument in the trial court, but did not argue any constitutional violation or cite to any

9    federal cases enunciating a federal claim.  Therefore, the state court was unaware of any

10   federal basis for the claim, and it was unexhausted.  *Tamalini*.  In his seventh ground, he

11   maintains that the State did not dismiss the child abuse charge as promised in the plea

12   agreement.  He did not present either the factual or legal basis for this claim to the trial

13   court or the court of appeals, and it is therefore not fairly presented, and is unexhausted.

14        In his eighth ground, he argues nine instances of ineffective assistance of trial

15   counsel. Boldt claims that counsel:  (1) lied about the coroner's testimony to coerce him

16   into pleading guilty; (2) failed to explain the essential elements of felony murder; (3) told

17   him to lie to the court to provide the factual basis for the plea; (4) failed to investigate his

18   case and withheld information from the coroner; (5) failed to file a motion to suppress a

19   confession he knew to be false; (6) failed to object to statements of a witness at an

20   "indictment hearing"; (7) failed to review the presentence report with Boldt; (8) failed to

21   negotiate a valid plea agreement; and (9) failed to object to the State's use of the victim's

22   age as an aggravating factor.

23        Respondents argue that Boldt has not previously raised six of the nine claims in both

24   the trial court and the court of appeals (1-2, 5-6, 8-9), as required to exhaust his claims.  The

25   Court agrees.  Concerning claims 3, 4 and 7, Respondents contend that although Boldt

26   raised claims 3 and 4 in state court, both to the trial court and the court of appeals, in his

27   petition for review he did not cite any specific provision of the United States Constitution,

28                                    - 8 -

1    or cite any federal or state cases referencing the legal standard for a federal constitutional

2    violation.  In addition, Respondents contend that claim 7 was not presented in a petition for

3    review to the court of appeals.  Therefore, Respondents contend that the court of appeals

4    was not alerted to the federal nature of claims 3 and 4 and that claim 7 was not fully

5    exhausted.  The Court agrees that claim 7 was not fully exhausted.  However the Court

6    finds it hard to believe that a reference to "the ineffective assistance of counsel" would not

7    alert any court of appeals to the Sixth Amendment guarantee being asserted.  In any event,

8    claims 3 and 4 have no merit. Boldt's bald assertion that counsel told him to lie to the trial

9    court and provide a false factual basis for the plea is not supported by any sworn affidavits,

10   nor does the change of plea proceedings indicate support for any such claim.  His argument

11   that counsel failed to investigate his case and withheld information from the coroner is also

12   unsupported by any attached affidavits or anything in the record before the Court.

13       **IT IS ORDERED denying** Boldt's motions for an evidentiary hearing, remand to

14   state court, and for oral argument (Doc. ##31, 34, 38, 42).

15       **IT IS RECOMMENDED** that Douglas Boldt's amended petition for writ of habeas

16   corpus be **denied** and **dismissed with prejudice** (Doc. #23).

17       This recommendation is not an order that is immediately appealable to the Ninth

18   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

19   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

20   parties shall have ten days from the date of service of a copy of this recommendation within

21   which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules

22   72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within

23   which to file a response to the objections.  Failure timely to file objections to the Magistrate

24   Judge's Report and Recommendation may result in the acceptance of the Report and

25   Recommendation by the district court without further review.  *See United States v. Reyna-*

26   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual

27   determinations of the Magistrate Judge will be considered a waiver of a party's right to

28                                              - 9 -

1   appellate review of the findings of fact in an order or judgment entered pursuant to the

2   Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

3           DATED this 11th day of March, 2008.

4

5

6

7   _____

8                           David K. Duncan
                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -