IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas M. Boldt,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 06-1966-PCT-EHC (DKD)<br><br>**ORDER** |

On March 15, 2007, Petitioner proceeding pro se filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 23) regarding his felony murder conviction in Yavapai County Superior Court. The matter was referred to Magistrate Judge David R. Duncan who issued a Report and Recommendation (Dkt. 44) dated March 12, 2008 recommending that the Amended Petition be denied and dismissed with prejudice.

After being granted extensions of time, Petitioner filed an Objection (Dkt. 49) on April 29, 2008 to the Report and Recommendation. Petitioner also filed a Motion for an Evidentiary Hearing (Dkt. 50). Petitioner then sought and was granted extensions of time to file a Supplemental Brief in support of his Objection. Petitioner filed a Supplemental Brief (Dkt. 60) on July 14, 2008.

<u>Standard of Review</u>

The district court reviews de novo the portions of the Magistrate Judge's Report and Recommendation to which there is a filed objection. 28 U.S.C. § 636(b)(1)(C)("a judge of

1  the court shall make a de novo determination of those portions of the report, ..., to which
2  objection is made."); <u>see</u> <u>also</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.
3  2003). The district court is not required to review any issue that is not the subject of an
4  objection. <u>Schmidt v. Johnstone</u>, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing <u>Thomas v.</u>
5  <u>Arn</u>, 474 U.S. 140, 149 (1985).

## Discussion

In May 2001, Petitioner was charged with one count of child abuse and one count of felony murder regarding the death of his infant daughter. The State filed notice of its intent to seek the death penalty. In February 2002, Petitioner entered into a plea agreement which provided that the State agreed not to seek the death penalty and agreed to dismiss the child abuse charge. In April 2002, Petitioner was sentenced to imprisonment for the remainder of his natural life. The charge of child abuse was dismissed.

In the Amended Petition for Writ of Habeas Corpus filed in this Court, Petitioner raised the following grounds for relief: (1) the plea agreement was procedurally defective; (2) his conviction was obtained by an unlawfully induced guilty plea; (3) his guilty plea was involuntary; (4) his conviction was obtained based on a coerced confession; (5) insufficient evidence supported his conviction; (6) the conviction was obtained in violation of the privilege against self-incrimination; (7) the child abuse charge was not dismissed as promised; and (8) trial counsel rendered ineffective assistance.

Petitioner objects to the Report and Recommendation on the ground that the plea agreement was procedurally defective because the charge of child abuse was used against him. The Magistrate Judge has recommended that Petitioner's claim that the plea agreement was procedurally defective because the State did not dismiss the child abuse charge as promised in the plea agreement is procedurally defaulted and Petitioner has not shown cause or prejudice to excuse the default.

Petitioner argues that the State agreed to dismiss the child abuse charge but then brought the charge against him on the felony murder conviction. Petitioner argues in both

his Objection and Supplemental Brief that he gained no benefit from the plea agreement. Petitioner argues that his lack of understanding of the issue should excuse his failure to raise the claim in a timely and proper manner. However, Petitioner's pro se status and ignorance of the law do not satisfy the cause standard for overcoming the procedural default. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908 (9th Cir 1986).

The record shows that Petitioner demonstrated that he understood the terms of his plea agreement, including that he was pleading guilty to first degree felony murder and regarding his possible sentence (Dkt. 28 - Exhibits C & D [at pp. 6-8]). Petitioner received a benefit, including that the State agreed to withdraw its notice to seek the death penalty.

Petitioner next objects to the recommended finding that his claim of ineffective assistance of counsel is not supported by the record. Petitioner argues that he is actually innocent and that the factual basis for his plea is false, having been coerced by defense counsel. The Magistrate Judge has recommended that Petitioner's "bald assertion" that his defense counsel told him to lie to the trial court and provide a false factual basis for the plea is not supported by any sworn affidavits, nor does the change of plea proceedings indicate support for the claim. The Magistrate Judge has further recommended that Petitioner's argument that counsel failed to investigate his case and withheld information from the coroner is unsupported by any attached affidavit or the record.

Petitioner argues that defense counsel lied to him about the opinion of the medical examiner. Petitioner argues that the medical examiner stated that the child's head injury could have resulted from the child being accidentally dropped onto the edge of the bathtub from a height of four to five feet and this was consistent with the fall Petitioner described (Dkt. 49 at 6).

Petitioner has attached as Exhibit B to his Objection the transcript of the Presentence Hearing proceedings dated March 29, 2002.[1] Philip Keen, M.D., the Chief Medical

---

[1]This transcript is also attached as Exhibit H to the Limited Answer (Dkt. 28).

Examiner for Maricopa and Yavapai Counties, testified at the March 29, 2002 hearing. Petitioner cites to Dr. Keen's testimony in support of his Objection.

Dr. Keen testified that the child's death was related to depressed fractures to the skull [at the back and left portion], there were two fracture sites, and there were more likely at least two blows to the head (Dkt. 49, Exhibit B at 21-22). Dr. Keen considered the possibility that a three-month old child weighing nine pounds had struck her head on the floor after rolling off the bed, and expressed the opinion that the event would not result "in this kind of injury." (id., at 23). It was "unlikely" that the injury had been caused by slipping and hitting the bathtub. To get this type of injury would involve heights of greater than four feet (id., at 23).

Dr. Keen testified in response to a hypothetical question regarding whether injuries of the type sustained were consistent with a child being thrown upward to heights of six to six-and-a-half feet and falling and hitting the bathtub and then the linoleum floor. Dr. Keen responded that it was possible, depending upon what surface of the body might strike an edge of the bathtub but "it would be unlikely you can get two injuries from that fall ... it would be possible to get a fracture but probably not two fractures." Dr. Keen testified, referring to the linoleum floor, that from the height of the bathtub down to the blow "you're talking distances that are even less than the usual roll off the bed, and that's not enough to produce the second fracture" (id., at 49-50).

Dr. Keen expressed the opinion that the cause of death was a blunt force head injury that was the result of an impact of the head against a non-patterned surface, that is, the child was grasped and possibly slammed into something (id., at 20, 25, 33). Dr. Keen had concluded "non-accidental trauma" (id., at 22).

During the hearing, Petitioner, who said he is 5' 5", testified that he dropped his daughter getting her out of the bathtub from an extended arm length, approximately six to six-and-a-half feet, when she hit the tub and then hit her head on the floor, which Petitioner described as an accident (id., at 61-62). Petitioner acknowledged that he had related different

versions of what had occurred, including a report that his daughter had stopped breathing, and, that she had rolled off the bed (id., at 64-67). Petitioner denied that he had thrown his daughter into a crib (id., at 67, 71).

The Court has reviewed other parts of the record in this case.

During the change-of-plea hearing on February 6, 2002, Petitioner told the court that he had twice thrown his daughter into her crib (with great force) and she struck her head on the crib (headboard) (made of wood) (Dkt. 28 - Exhibit D at 8-12). Petitioner told the court that his daughter was three months, five days old, and he was in charge of taking care of her that day (id., at 10). Petitioner said "I just snapped. She was colicky and crying a lot, and I couldn't – whatever I did, I couldn't get her to stop crying " (id., at 12). Petitioner answered "no" when asked by the court if anyone had forced him or threatened him into entering into the plea agreement (id., at 5).

During the hearing on Petitioner's request to withdraw from the plea agreement, Petitioner told the court that what happened to his daughter was an accident (Dkt. 28 - Exhibit E at 10). Petitioner's request to withdraw from the plea agreement was denied (Dkt. 28 - Exhibit E at 11 & Exhibit H at 73-74).

In his Amended Petition for Writ of Habeas Corpus, Petitioner stated that on the night his daughter died he did not tell the detectives what had happened (Dkt. 23 at 17). Petitioner claimed that in the excitement of learning that he was being accused of murder, he got scared and told the detectives that he had forgotten to tell them that his daughter had fallen off the edge of the bed while momentarily left unattended, which was a lie (Dkt. 23 at 17-18). Petitioner claimed that about a month and a half after he was arrested he told his court-appointed counsel that he had accidentally dropped his daughter while taking her out of a bath (Dkt. 23 at 18).

The actual innocence exception is satisfied where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schlup v. Delo, 513 U.S. 298, 327 (1995). Petitioner must demonstrate that in

light of the evidence no reasonable juror would have found him guilty. Id., at 329. A mere showing of reasonable doubt is not enough. Wood v. Hall, 130 F.3d 373, 379 (9th Cir. 1997). The district court is free to consider all of the evidence including that alleged to have been illegally excluded or to have become available only after trial. Schlup., 513 U.S., at 327-328.

With respect to a substantive claim of actual innocence, the federal habeas court must be convinced that the new facts establish the petitioner's innocence. Morales v. Ornoski, 439 F.3d 529, 533 (9th Cir. 2006)(citing Herrera v. Collins, 506 U.S. 390, 417 (1993)). "Actual innocence" means factual innocence, not mere legal insufficiency. Morales, 439 F.3d at 533.

Petitioner has not demonstrated a credible claim of actual innocence. Petitioner's Objection will be overruled. Petitioner's Motion for Evidentiary Hearing (Dkt. 50) will be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Dkt. 49), supported by a Supplemental Brief (Dkt. 60), is overruled.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Dkt. 50) is denied.

**IT IS FURTHER ORDERED** adopting in full the Report and Recommendation (Dkt. 44) of the Magistrate Judge as supplemented by this Order.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

DATED this 15th day of June, 2009.

_____
Earl H. Carroll
United States District Judge